# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **DASHIKI C. CHERRY,** | }  }  } |
| Petitioner, | } } |
| v. | } Case No.: 6:15-cv-1581-MHH-SGC } |
| **JIM UNDERWOOD, et al.,** | } } |
| Respondents. | } |

## MEMORANDUM OPINION

On September 11, 2015, petitioner Dashiki C. Cherry filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Mr. Cherry's petition challenges his pretrial bail proceedings in the Circuit Court of Walker County, Alabama. (Doc. 1, pp. 2, 5).

On August 10, 2018, the magistrate judge filed her report and recommendation. (Doc. 17). The magistrate judge discussed the case's background (Doc. 17, pp. 2-4), including Mr. Cherry's guilty plea and 25-year sentence. (Doc. 17, pp. 3-4). The magistrate judge discussed the doctrine of mootness and explained why Mr. Cherry's conviction, sentence, and incarceration make his habeas petition concerning pretrial bail moot. (Doc. 17, pp. 4-6). The magistrate judge recommended that the Court dismiss Mr. Cherry's petition for this jurisdictional reason. (Doc. 17, p. 6).

The magistrate judge advised the parties of their right to file written objections within 14 days. (Doc. 17, pp. 6-7). To date, Mr. Cherry has not objected to the magistrate judge's report and recommendation, and he has not requested additional time in which to object.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Based on its review of the record in this case, the Court finds no misstatements of law in the report and no plain error in the magistrate judge's factual findings. Therefore, the Court adopts the magistrate judge's report and accepts her recommendation.

The Court will issue a separate dismissal order consistent with this memorandum opinion.

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**DONE** this \_\_\_ day of September, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE